UNITED STATES of America,
Plaintiff—Appellant,

v.

Shawn Manuia STONER,
Defendant—Appellee.

No. 02–10111.
D.C. No. CR–00–00187–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided Jan. 28, 2003.

Before B. FLETCHER, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM *

The United States appeals from the district court's decision to grant Shawn Manuia Stoner a twenty-level downward departure. We have jurisdiction pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1291. For the following reasons, we reverse the district court and remand for resentencing.

Our review of a district court's factual findings in sentencing is for clear error, *see, e.g., United States v. Williams,* 291

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

F.3d 1180, 1196 (9th Cir.2001), and we review the district court's application of the guidelines to the facts for abuse of discretion. *United States v. Koon,* 518 U.S. 81, 97, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Alexander,* 287 F.3d 811, 818 (9th Cir.2002).

The district court granted Stoner's motion for a departure based on his extraordinary rehabilitation, exceptional acceptance of responsibility, extreme vulnerability to abuse in prison, and the conclusion that the offense conduct was aberrant behavior. Against these factors the court considered the defendant's low risk of recidivism and the fact that little harm had been done to the victim.

■ As a threshold matter, we are satisfied that the district court did not impermissibly weigh Stoner's risk of recidivism and the harm to his victim when deciding the extent of the departure. Although low risk of recidivism is an improper basis for departing below the guidelines range for a defendant with a criminal history category of I, a high risk of recidivism is an appropriate basis for an upward departure. *See Koon,* 518 U.S. at 111, 116 S.Ct. 2035. In the instant case, the district court did no more than inquire into Stoner's risk of recidivism and conclude that it was exceptionally low. The court was permitted to decide that this factor, therefore, did not militate against the departure that the court otherwise was inclined to grant.

■ The court's consideration of the harm to the victim was not improper, either. The district court did not depart downward in sentencing based on this factor but rather weighed this factor against other factors that the court believed justified a downward departure. Specifically, it determined that the nature and extent of the harm suffered by the victim did not militate against the departure that the court determined otherwise was appropriate.

■ Nonetheless, we conclude that the departure that the district court granted was improper. The district court clearly erred by finding that Stoner's conduct was aberrational. Although Stoner initially was indicted for sexual exploitation of a child in violation of 18 U.S.C. § 2251(a), he pleaded to (and was sentenced for) violating a different federal crime: transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1). These offenses, while often related, involve different conduct, different harms, and in all probability, different heartlands. To determine the heartland for a particular offense, the district court must look to the conduct of the defendant in comparison to other defendants convicted of the same offense, and, in some circumstances, the court may consider Congressional intent in enacting a criminal prohibition. *Cf. United States v. Stevens,* 197 F.3d 1263 (9th Cir.1999) (Congressional intent not *ordinarily* relevant in determining the heartland). When considering whether Stoner's conduct was aberrational, the district court plainly appears to have failed to consider the crime in relation to the heartland of child pornography offenses rather than in relation to the heartland of child sex-abuse cases. Although Stoner's physical abuse of the victim may have been aberrational, there was evidence that he had been sending and receiving child pornography via the internet for several months before he made and mailed the videotape that resulted in his apprehension and conviction. Accordingly, it was clearly erroneous for the district court to conclude that his transportation of the tape was an aberration.

With regard to the other factors upon which the court based its departure, however, we conclude that there was no clear error. Although Stoner's objective charac-

teristics (height, weight, and age) do not appear to support the district court's determination that Stoner is extremely vulnerable to abuse in prison, we find that the district court's determination was supported by sufficient other evidence, including the expert psychological evidence presented during the extensive sentencing hearings in this case. Moreover, the district court, unlike this tribunal, had the benefit of personal observation of Stoner's affect and his demeanor. We also hold that there was sufficient evidence in the record to support the district court's determination that Stoner's rehabilitation was extraordinary and his acceptance of responsibility was exceptional.

However, because we cannot conclude that the district court would have granted a departure of this extent without relying on the determination that Stoner's conduct was an aberration, we must remand this case to the district court for resentencing. Because the previously imposed sentence is vacated, we do not address the government's argument that the departure here was so grossly disproportionate to be an abuse of the district court's discretion. We express no opinion on that subject. We note that, upon resentencing, should the district court again depart, it must take care to articulate the heartland of the offense, what makes this case exceptional, and its reasons for the extent of any departure it may grant.

The sentence of the district court is VACATED and this case is REMANDED for resentencing.